ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ALIANZA CORRECCIONAL UNIDA y SERVIDORES PÚBLICOS UNIDOS, Recurrente, v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN DE PUERTO RICO, Recurrida. | TA2025RA00362 | REVISIÓN procedente Comisión Apelativa del Servicio Público. Casos núm.: AQ-24-0671 y AQ-24-0672. Sobre: suspensión de empleo y sueldo. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

El 24 de noviembre de 2025, la parte recurrente del título, en representación de las señoras María Bonilla Cruz e Irene Montes Montes, presentó este recurso con el fin de que este Tribunal revoque la **orden interlocutoria** emitida por la Comisión Apelativa del Servicio Público (CASP) el 10 de octubre de 2025, notificada el 17 de octubre de 2025[1]. En ella, la CASP denegó cierta **solicitud de descubrimiento de prueba** presentada por la parte recurrente[2].

En apoyo a sus alegaciones sobre nuestra jurisdicción para atender el asunto, la parte recurrente nos remite al Reglamento Núm. 9697 del 19 de septiembre de 2025, intitulado *Reglamento Procesal de la Comisión Apelativa del Servicio Público* (Reglamento 9697); en particular, a sus Artículos 7.22 y 7.23, que parecen indicar que las determinaciones

---

[1] Apuntamos que la notificación realizada por la CASP **carece de apercibimiento alguno** sobre el derecho a revisar ante nos la resolución interlocutoria aquí impugnada.

[2] La parte recurrente aduce que, el **6 de noviembre de 2025**, presentó una solicitud de reconsideración de la orden, la cual no fue atendida por la CASP en el término de 15 días, por lo que optó por presentar este recurso.

parciales o interlocutorias de la CASP son susceptibles de revisión judicial ante este foro.

Al revisar los artículos citados, parecería que el Art. 7.23(1) del Reglamento 9697 autoriza la revisión judicial de las resoluciones "parciales" de las determinaciones de la CASP[3]. No obstante, el Art. 7.23(2) del Reglamento claramente dispone que las determinaciones **finales** de la agencia serán revisadas ente este Tribunal de Apelaciones.

Esta aparente discrepancia en el lenguaje del Art. 7.23 del Reglamento 9697[4] y la interpretación de este que propone la parte recurrente contradice toda la doctrina prevaleciente en cuanto a la jurisdicción de este Tribunal para atender solo las determinaciones finales de los foros administrativos.

A esos efectos, nos remitimos a la Ley Núm. 201-2003, intitulada *Ley de la Judicatura de Puerto Rico*, en sus Artículos 4.002 y 4.006(c), 4 LPRA sec. 24u y 24(y)(c); la Ley Núm. 38-2017, según enmendada, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Sec. 4.2, 3 LPRA sec. 9672; y, la Regla 56 del Reglamento de este Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B.

Inclusive, las decisiones más recientes del Tribunal Supremo de Puerto Rico reiteran la doctrina sobre la finalidad de las decisiones administrativas, aunque, por su importancia, reconocen limitadas excepciones. Ejemplo de ello: *Simpson, Passalacqua v. Quirós, Betances*, 214 DPR 370 (2024) (por excepción, serán revisables ante nos las **denegatorias de intervención** en un procedimiento adjudicativo formal ante una agencia); *ORIL v. El Farmer, Inc.*, 204 DPR 229 (2020) (la determinación interlocutoria de una agencia, que ordena la **descalificación**

---

[3] Al revisar las disposiciones pertinentes del Reglamento 9697, particularmente, el Art. 7.18(8), sobre los deberes y facultades del oficial examinador, notamos que este está facultado para emitir resoluciones finales o parciales sobre varios asuntos; entre ellos, en cuanto a una solicitud de parte indispensable o de una parte con interés. La denegatoria de una solicitud de intervención, conforme dispuesto por el Tribunal Supremo de Puerto Rico en *Simpson, Passalacqua v. Quirós, Betances*, 214 DPR 370 (2024), sí es susceptible de revisión ante este foro apelativo.

[4] *Véase*, nota al calce núm. 3, *ante.*

**de la representación legal** de una de las partes, es, por excepción, susceptible de revisión ante este foro intermedio).

Así pues, a la luz de que la doctrina prevaleciente establece claramente que nuestra jurisdicción se limita (con algunas excepciones no presentes en este recurso) a la revisión de las resoluciones finales de las agencias gubernamentales, este Tribunal está obligado a desestimar el recurso.

Así pues, conforme a la Regla 83(B)(1) y (C) del Reglamento de este Tribunal, **desestimamos este recurso por carecer de jurisdicción para atenderlo**.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones